[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13926

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 14, 2011
JOHN LEY
CLERK

D. C. Docket No. 08-00109-CV-4-SPM-WCS

WILLIAM R. MULDROW,

Plaintiff,

BLUE CHIP CONSTRUCTION COMPANY,

Intervenor-Plaintiff-
Appellee,

versus

CATHY DAVIS,
Individually,
DAVID REID,
Individually,
KENT RICKEY,
Individually,

Defendants-Intervenor-
Defendants,

CITY OF TALLAHASSEE,
a Municipal Corporation
of the State of Florida,

                                                    Defendant-Intervenor-
                                                             Defendant,

CANDIE M. FULLER,

                                                             Appellant,

SAM MCCALL,
JOHN MARKS,
JOYCE MARTINEZ,
ANITA FAVORS,
THOMAS LEWIS,

                                                            Defendants.

_____

Appeals from the United States District Court
for the Northern District of Florida
_____

(July 14, 2011)

Before HULL and BLACK, Circuit Judges, and HUCK,[*] District Judge.

PER CURIAM:

After oral argument and review of the briefs and record, the Court has determined that Plaintiff-Appellee Blue Chip Construction Company's ("Blue Chip") First Amended Complaint failed to state a retaliation claim in Count II

_____

[*]Honorable Paul C. Huck, United States District Judge for the Southern District of Florida, sitting by designation.

2

against Defendant-Appellant Candie M. Fuller ("Fuller"), Inspector General of the Florida Department of Community Affairs, and that the district court erred in denying Fuller's motion to dismiss on qualified immunity grounds.

Only Count II of the First Amended Complaint makes allegations against Fuller, and only Count II as to Fuller is involved in this appeal. Count I of the First Amended Complaint and Count II as it relates to the other defendants remain pending in the district court.

## I. PROCEDURAL HISTORY

On April 20, 2009, Blue Chip filed its First Amended Complaint ("the Complaint") against Fuller and the other defendants. Count I of the Complaint alleged that the City of Tallahassee and some of its officials maintained a racially discriminatory policy in awarding certain contracts, and sought damages, attorneys' fees, and compensatory and punitive damages under 42 U.S.C. §§ 1983 and 1985. Count I was previously the substance of a free-standing lawsuit. Fuller was not a defendant in that prior lawsuit and is not a defendant in Count I of this lawsuit.

Count II of the Complaint alleged that Fuller, at the state level, conspired with local officials from the City of Tallahassee to engage in a racially discriminatory audit in retaliation for Blue Chip's having filed Count I as a free-

standing lawsuit, and sought damages under 42 U.S.C. §§ 1983 and 1985.

Fuller filed a Rule 12(b)(6) motion to dismiss Count II of the First Amended Complaint, arguing (1) that Blue Chip failed to state a § 1983 claim on which relief could be granted and (2) that she was entitled to qualified immunity. In an order dated July 9, 2009, the district court denied Fuller's motion.

## II. DISCUSSION

We review de novo a district court's denial of a motion to dismiss on the basis of qualified immunity. Courson v. McMillian, 939 F.2d 1479, 1486 (11th Cir. 1991). "In ruling on a 12(b)(6) motion, the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff." Speaker v. U.S. Dep't of Health and Human Servs. Ctrs. for Disease Control & Prevention, 623 F.3d 1371, 1379 (11th Cir. 2010). To prove First Amendment retaliation, a plaintiff must show that "(1) his speech or act was constitutionally protected; (2) the defendant's retaliatory conduct adversely affected the protected speech; and (3) there is a causal connection between the retaliatory actions and the adverse effect on speech." Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011) (quotation marks omitted). To show purposeful racial discrimination sufficient to overcome qualified immunity, a plaintiff "must plead sufficient factual matter to show that [defendant] adopted and implemented the []

4

policies at issue not for a neutral, investigative reason but for the purpose of discriminating on account of race, religion, or national origin." Ashcroft v. Iqbal, 556 U.S. __, 129 S. Ct. 1937, 1948-49 (2009) (discussing federal Bivens claim) (quotation marks omitted).

In this case, Blue Chip made only conclusory allegations against Fuller in Count II and failed to provide any factual basis to support the claim that Fuller engaged in her audit "for the purpose of discriminating on account of race, religion, or national origin." Id. at 1949. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atl. Co. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

Accordingly, we reverse the district court's denial of Fuller's motion to dismiss and remand for entry of judgment in favor of Fuller on Count II.

**REVERSED AND REMANDED.**