[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11520
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 22, 2011
JOHN LEY
CLERK

D. C. Docket No. 3:10-cv-00712-HES-TEM

DANIEL BLANCHARD,
JACQUELYN BLANCHARD,
LYNN WRIGHT,
DANIEL WRIGHT,
LEONARD J. ZIMMER, et al.,

Plaintiffs-Appellees,

versus

THE HONORABLE JIM OVERTON,
in his Capacity as Property Appraiser,
Duval County, Florida,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 22, 2011)

Before DUBINA, Chief Judge, HULL and BLACK, Circuit Judges.

PER CURIAM:

This is an appeal from the district court's order denying defendant Jim Overton's ("Overton") motion to dismiss based on judicial immunity.[1] We review *de novo* the district court's denial of a motion to dismiss. *See Muldrow v. Davis*, 433 F. App'x 888, 890 (11th Cir. 2011) (qualified immunity content).

Plaintiffs in this case are all owners of real property in Duval County, Florida. In their complaint, plaintiffs sought declaratory, injunctive, and supplemental relief due to Overton's placement of a public notation on their property records that their properties had or might contain hazardous substances. According to Overton, he was sued in this action because he complied with the requirements of a consent decree;[2] therefore, he contends he is entitled to judicial immunity. The district court found that this assertion was misplaced. While non-judicial officers are entitled to "absolute immunity when their official duties 'have an integral relationship with the judicial process,'" *Roland v. Phillips*, 19 F.3d

---

[1] A panel of our court determined that the district court's March 2, 2011, order denying Overton's motion to dismiss based on CERCLA and sovereign immunity was not an immediately appealable order. *See* order filed on September 27, 2011. In that same order, our court held that the district court's order denying Overton's motion to dismiss based on judicial immunity was an appealable order. *Id.*; *see also Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir. 1994).

[2] The consent decree referenced by the parties in their briefs was entered into by the City of Jacksonville with the Environmental Protection Agency in the matter of *United States of America v. City of Jacksonville*, in the United States District Court for the Middle District of Florida, Civil Action No. 3:08-cv-257 (the "consent decree"). R. 2, ¶ 13 and Exh. B.

552, 555 (11th Cir. 1994) (quoting *Ashbrook v. Hoffman*, 617 F.2d 474, 476 (7th Cir. 1980)), that immunity only attaches when the officials are acting "within the scope of their authority." *Id.* In this matter, plaintiffs allege that Overton acted outside and beyond the bounds of the consent decree when he placed the notation on the plaintiffs' property records. The district court agreed with that argument and so do we.

The consent decree does not require Overton to take any action. The only parties bound by the consent decree are the United States and the settling defendant, the consolidated City of Jacksonville as a county and political subdivision of the State of Florida, its successors and assigns. The pertinent language of the consent decree states that *the City of Jacksonville* "shall satisfy this requirement through ordinances (1) directing the Duval County property appraiser to annotate the property record cards of all properties located within the site boundaries that there are or may be hazardous substances on the property; . . ." R2, Exh. B at p. 16, ¶ 27(1). There is no enacted ordinance authorizing the property appraiser (Overton) to place a notation on the information for the affected properties. R.2, ¶ 17. Because the consent decree did not order Overton to take any action, he was not charged with its enforcement. Moreover, we conclude that the act of tagging the plaintiffs' properties with the notation was not integral to the

3

judicial process. *See Roland*, 19 F.3d at 555. Accordingly, we agree with the district court's finding that Overton was not entitled to absolute quasi-judicial immunity and therefore affirm its order denying Overton's motion to dismiss.

**AFFIRMED.**